IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FOSTER-MILLER, INC., PLANNING SYSTEMS, INC., AND THE JOHNS HOPKINS UNIVERSITY (D.B.A. THE JOHNS HOPKINS UNIVERSITY APPLIED PHYSICS LABORATORY) | JURY TRIAL DEMANDED<br><br>Civil Action No.: _____ |
|         Plaintiffs, | |
|     v. | |
| SHOTSPOTTER, INC. | |
|         Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Foster-Miller, Inc., Planning Systems, Inc., and The Johns Hopkins University (doing business as The Johns Hopkins University Applied Physics Laboratory), for their complaint for patent infringement against Defendant ShotSpotter, Inc. ("ShotSpotter"), allege as follows that ShotSpotter infringes United States Patent No. 6,965,541. Because of such infringement, Plaintiffs have been damaged and irrevocably harmed, and seek injunctive relief, compensatory and multiple damages, attorneys' fees, and costs and expenses.

## THE PARTIES

1.      Plaintiff Foster-Miller, Inc. is a company located at 350 Second Avenue, Waltham, Massachusetts 02451-1104 and is organized and existing under the laws of the Commonwealth of Massachusetts.  It is a subsidiary of QinetiQ[1] North America and is engaged

---

[1] Pronounced "kinetic."

in the research and development of smart sensors, robotic systems, and advanced materials, among other technologies.

2.      Plaintiff Planning Systems, Inc. is a company located at 12030 Sunrise Valley Drive, Suite 400, Reston, Virginia 20191-3453 and organized and existing under the laws of the State of Maryland.  It is the wholly-owned subsidiary of Foster-Miller, Inc. and is engaged in the research, development, production, and sales of security- and public safety-related technologies, including the SECURES® gunshot detection system.

3.      Plaintiff The Johns Hopkins University is a non-profit educational and research institution located at 34th and Charles Streets, Baltimore, Maryland 21218 and is organized and existing under the laws of the State of Maryland.  The Johns Hopkins University Applied Physics Laboratory located at 11100 Johns Hopkins Road, Laurel, Maryland 20723 is a non-profit engineering, research, and development division of The Johns Hopkins University and is the responsible agent for business matters regarding United States Patent No. 6,965,541.

4.      On information and belief, ShotSpotter is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 1060 Terra Bella Avenue, Mountain View, CA 94043-1881.

## JURISDICTION AND VENUE

5.      This action arises under the Patent Laws of the United States. 35 U.S.C. §1 et seq.

6.      This Court has exclusive jurisdiction over the subject matter of these claims under 28 U.S.C. §§1331 and 1338(a).

7.      Venue is proper in this judicial district under 28 U.S.C. §§1391(b), 1391(c), and 1400(b).  On information and belief, ShotSpotter's contacts with this district include selling and offering for sale infringing products.

## COUNT

## INFRINGEMENT OF U.S. PATENT NO. 6,965,541

8.     Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-7.

9.     On November 15, 2005, the United States Patent and Trademark Office duly and legally issued to Brett D. Lapin and Nicholas D. Beser United States Patent No. 6,965,541, entitled "Gun Shot Digital Imaging System" ("the '541 patent" or "patent-in-suit"), a true copy of which is attached hereto as Exhibit 1.

10.     Plaintiff The Johns Hopkins University is the assignee and owner of the '541 patent.

11.     Plaintiff The Johns Hopkins University, acting through its Applied Physics Laboratory division, licensed the '541 patent.

12.     Plaintiff Planning Systems, Inc. is the exclusive licensee of the '541 patent with respect to municipal markets for law enforcement.

13.     On information and belief, ShotSpotter has infringed and is infringing the '541 patent in the United States.  On information and belief, ShotSpotter's acts of infringement include making, using, selling, offering to sell, inducing the use of, and/or contributing to the use of, products that fall within the scope of one or more claims of the '541 patent, particularly including the ShotSpotter GLS gunshot location system.

14.     On information and belief, ShotSpotter has knowledge of the '541 patent.

15.     On information and belief, ShotSpotter's infringement of the '541 patent is willful.  For example, Plaintiff Planning Systems, Inc. directed ShotSpotter's attention to the '541 patent following the introduction of the ShotSpotter gunshot detection system into the City

of Boston. *See* Exhibit 2 at 1. As is apparent from the subsequent correspondence between counsel for the parties (*see* Exhibit 2 at 2 et seq.), ShotSpotter rebuffed all attempts to resolve this matter. Indeed, ShotSpotter's conduct has been objectively reckless at least because it has continued to sell its gunshot detection system to other customers, including the city of York, Pennsylvania and Nassau County, New York (*see* Exhibit 3) despite the aforementioned correspondence and the public notice of the '541 patent provided by the unambiguous marking of the SECURES® product brochure with the patent number. *See* Exhibit 4

16.     Plaintiffs are without adequate remedy at law because ShotSpotter's infringement has irreparably harmed Plaintiffs and will continue to do so unless the Court enjoins ShotSpotter from the actions complained of herein.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs request judgment in their favor, including:

(a)     A finding that ShotSpotter has infringed and continues to infringe the patent-in-suit;

(b)     A finding that ShotSpotter's infringement of the patent-in-suit has been willful;

(c)     A preliminary and permanent injunction prohibiting ShotSpotter, its successors and assigns, its agents, servants, employees, and attorneys, and all those in active participation or privity with any of them, from further infringing the patent-in-suit throughout its remaining enforceable term;

(d)     An award of Plaintiffs' damages proximately caused by ShotSpotter's unlawful acts;

(e)     An award of increased damages and punitive damages for the willful nature of ShotSpotter's unlawful acts, the award to equal at least three times the amount of Plaintiffs' actual damages pursuant to 35 U.S.C. § 284 or as otherwise permitted by law;

(f)     An award of costs and attorneys' fees Plaintiffs have incurred in bringing and maintaining this action pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(g)     An award of pre-judgment and post-judgment interest; and

(h)     Such other and further relief that the Plaintiffs may be entitled to as a matter of law or that the Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury on all issues so triable.

Date: July 18, 2008                    **EDWARDS ANGELL PALMER & DODGE LLP**

David G. Conlin (BBO # 094220)
Barbara L. Moore (BBO # 352780)
Brian M. Gaff (BBO # 642297)
111 Huntington Avenue
Boston, MA  02199-7613
(617) 239-0100
(617) 227-4420 (fax)

*Attorneys for Plaintiffs Foster-Miller, Inc.,*
*Planning Systems, Inc., and The Johns Hopkins*
*University (D.B.A. The Johns Hopkins University*
*Applied Physics Laboratory)*

BOS2_672430.2