# IN THE UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF MASSACHUSETTS

FOSTER-MILLER, INC., PLANNING
SYSTEMS, INC., AND THE JOHNS
HOPKINS UNIVERSITY (D.B.A. THE JOHNS
HOPKINS UNIVERSITY APPLIED PHYSICS
LABORATORY)

          *Plaintiffs,*

   v.

SHOTSPOTTER, INC.

          *Defendant.*

JURY TRIAL DEMANDED

Civil Action No.:  1:08-cv-11224-GAO

## DEFENDANT SHOTSPOTTER INC.'S
## ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant ShotSpotter, Inc. ("Defendant" or "ShotSpotter") answers the Complaint of

Plaintiffs Foster-Miller, Inc., Planning Systems, Inc., and The Johns Hopkins University

(collectively, "Plaintiffs") as follows:

### THE PARTIES

1.    Plaintiff Foster-Miller, Inc. is a company located at 350 Second Avenue,

Waltham, Massachusetts 02451-1104 and is organized and existing under the laws of the

Commonwealth of Massachusetts.  It is a subsidiary of QinetiQ[1] North America and is engaged

in the research and development of smart sensors, robotic systems, and advanced materials,

among other technologies.

---

[1] Pronounced "kinetic."

**ANSWER:**     ShotSpotter is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

2.      Plaintiff Planning Systems, Inc. is a company located at 12030 Sunrise Valley drive, Suite 400, Reston, Virginia 20191-3453 and organized and existing under the laws of the State of Maryland.  It is the wholly-owned subsidiary of Foster-Miller, Inc. and is engaged in the research, development, production, and sales of security- and public safety-related technologies, including the SECURES® gunshot detection system.

**ANSWER:**     ShotSpotter is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

3.      Plaintiff The Johns Hopkins University is a non-profit educational and research institution located at 34th and Charles Streets, Baltimore, Maryland 21218 and is organized and existing under the laws of the State of Maryland.  The John Hopkins University Applied Physics Laboratory located at 11100 John Hopkins Road, Laurel, Maryland 20723 is a non-profit engineering, research, and development division of The Johns Hopkins University and is the responsible agent for business matters regarding United States Patent No. 6,965,541.

**ANSWER:**     ShotSpotter is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

4.      On information and belief, ShotSpotter is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 1060 Terra Bella Avenue, Mountain View, CA  94043-1881.

**ANSWER:**     Admitted.

2

**JURISDICTION AND VENUE**

5.      This action arises under the Patent Laws of the United States 35 U.S.C. §1 et seq.

**ANSWER:**     The allegations in this paragraph are legal conclusions to which no response is required.

6.      This Court has exclusive jurisdiction over the subject matter of these claims under 28 U.S.C. §§1331 and 1338(a).

**ANSWER:**     The allegations in this paragraph are legal conclusions to which no response is required.

7.      Venue is proper in this judicial district under 28 U.S.C. §§1391(b), 1391(c), and 1400(b).  On information and belief, ShotSpotter's contacts with this district include selling and offering for sale infringing products.

**ANSWER:**     The allegations in this paragraph are legal conclusions to which no response is required.  For purposes of this action only, ShotSpotter admits that it has transacted business in this district.  ShotSpotter denies the remaining allegations in this paragraph.

**COUNT**

**INFRINGEMENT OF U.S. PATENT NO. 6,965,541**

8.      Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-7.

**ANSWER:**     ShotSpotter realleges and incorporates herein by reference its Answers to paragraphs 1-7.

LIBA/1928281.1

9.      On November 15, 2005, the United States Patent and Trademark Office duly and legally issued to Brett D. Lapin and Nicholas D. Beser United States Patent No. 6,965,541, entitled "Gun Shot Digital Imaging System" ("the '541 patent" or "patent-in-suit"), a true copy of which is attached hereto as Exhibit 1.

**ANSWER:**      ShotSpotter admits that the United States Patent and Trademark Office issued the '541 patent to Brett D. Lapin and Nicholas D. Beser, entitled "Gun Shot Digital Imaging System," on November 15, 2005.  ShotSpotter denies the remaining allegations of this paragraph.

10.     Plaintiff The Johns Hopkins University is the assignee and owner of the '541 patent.

**ANSWER:**      ShotSpotter is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

11.     Plaintiff The Johns Hopkins University, acting through its Applied Physics Laboratory division, licensed the '541 patent.

**ANSWER:**      ShotSpotter is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

12.     Plaintiff Planning Systems, Inc. is the exclusive licensee of the '541 patent with respect to municipal markets for law enforcement.

**ANSWER:**      ShotSpotter is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

4

13.     On information and belief, ShotSpotter has infringed and is infringing the '541 patent in the United States.  On information and belief, ShotSpotter's acts of infringement include making, using, selling, offering to sell, inducing the use of, and/or contributing to the use of, products that fall within the scope of one or more claims of the '541 patent, particularly including the ShotSpotter GLS gunshot location system.

**ANSWER:**     Denied.

14.     On information and belief, ShotSpotter has knowledge of the '541 patent.

**ANSWER:**     ShotSpotter admits that on December 12, 2007, counsel for Plaintiffs sent ShotSpotter a letter that included one sentence describing the '541 patent.  ShotSpotter denies the remaining allegations of this paragraph.

15.     On information and belief, ShotSpotter's infringement of the '541 patent is willful.  For example, Plaintiff Planning Systems, Inc. directed ShotSpotter's attention to the '541 patent following the introduction of the ShotSpotter gunshot detection system into the City of Boston.  *See* Exhibit 2 at 1.  As is apparent from the subsequent correspondence between counsel for the parties (*see* Exhibit 2 at 2 et seq.), ShotSpotter rebuffed all attempts to resolve this matter.  Indeed, ShotSpotter's conduct has been objectively reckless at least because it has continued to sell its gunshot detection system to other customers, including the city of York, Pennsylvania and Nassau County, New York (*see* Exhibit 3) despite the aforementioned correspondence and the public notice of the '541 patent provided by the unambiguous marking of the SECURES® product brochure with the patent number.  *See* Exhibit 4.

**ANSWER:**    ShotSpotter admits that on December 12, 2007, counsel for Plaintiffs sent ShotSpotter a letter that included one sentence describing the '541 patent.  ShotSpotter admits that it responded to Plaintiffs' December 12, 2007 letter with letters, including a letter dated January 16, 2008, in which it informed Plaintiffs that the '541 patent is incompatible with ShotSpotter technology.  ShotSpotter denies the remaining allegations of this paragraph.

16.    Plaintiffs are without adequate remedy at law because ShotSpotter's infringement has irreparably harmed Plaintiffs and will continue to do so unless the Court enjoins ShotSpotter from the actions complained of herein.

**ANSWER:**    Denied.

## DEFENDANT'S DEFENSES

ShotSpotter asserts the following defenses to Plaintiffs' claims:

17.    Plaintiffs fail to state a claim against ShotSpotter upon which relief may be granted.

18.    ShotSpotter has not infringed and does not infringe, directly or indirectly any valid claims of the '541 patent.

19.    The '541 patent is invalid for failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. § 101 et seq., including without limitation §§ 102, 103 and 112.

20.    Plaintiffs are not entitled to injunctive relief because any injury to Plaintiffs is not irreparable and Plaintiffs have adequate remedies at law.

21.    By reason of the prior art and/or statements and representations made to and by the United States Patent and Trademark Office ("the Patent Office") during the prosecution of

the applications that led to the issuance of the '541 Patent, the patent is so limited that none of its claims can be construed as covering any activity of ShotSpotter.

22.     In addition to the defenses described above, Defendant expressly reserves the right to allege additional defenses as they become known.

## SHOTSPOTTER INC.'S COUNTERCLAIMS

## PARTIES

23.     ShotSpotter is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 1060 Terra Bella Avenue, Mountain View, CA 94043-1881.

24.     Plaintiff Foster-Miller, Inc. is a company located at 350 Second Avenue, Waltham, Massachusetts 02451-1104 and is organized and existing under the laws of the Commonwealth of Massachusetts.  It is a subsidiary of QinetiQ North America and is engaged in the research and development of smart sensors, robotic systems, and advanced materials, among other technologies.

25.     Plaintiff Planning Systems, Inc. is a company located at 12030 Sunrise Valley drive, Suite 400, Reston, Virginia 20191-3453 and organized and existing under the laws of the State of Maryland.  It is the wholly-owned subsidiary of Foster-Miller, Inc. and is engaged in the research, development, production, and sales of security- and public safety-related technologies, including the SECURES® gunshot detection system.

26.     Plaintiff The Johns Hopkins University is a non-profit educational and research institution located at 34th and Charles Streets, Baltimore, Maryland 21218 and is organized and existing under the laws of the State of Maryland.  The John Hopkins University Applied Physics

7

Laboratory located at 11100 John Hopkins Road, Laurel, Maryland 20723 is a non-profit engineering, research, and development division of The Johns Hopkins University and is the responsible agent for business matters regarding United States Patent No. 6,965,541.

<u>**JURISDICTION AND VENUE**</u>

27.     This action arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, Title 35 U.S.C. § 271 et seq.  An actual, substantial, and continuing justiciable controversy exists between ShotSpotter and Plaintiffs which requires a declaration of ShotSpotter's rights by this Court.  The controversy relates to the noninfringement and invalidity of U.S. Patent No. 6,965,541 ("the '541 patent"), and Plaintiffs' right to threaten and/or maintain its suit for infringement of the '541 patent.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

28.     This Court has jurisdiction over Plaintiffs because each Plaintiff brought its suit alleging patent infringement here.  Plaintiffs allege that venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400 (b).

**FIRST COUNTERCLAIM:  DECLARATORY JUDGMENT**
<u>**OF NONINFRINGEMENT OF THE '541 PATENT**</u>

29.     ShotSpotter realleges and incorporates by reference the allegations of paragraphs 1-28 of this Answer and Counterclaims as though fully set forth herein.

30.     This is an action for declaratory judgment of noninfringement of any and all valid claims of the '541 patent.

31.     Plaintiffs allege that ShotSpotter infringes the '541 patent in this judicial district and elsewhere in the United States.

32.     ShotSpotter has not infringed any valid claim of the '541 patent, either directly or indirectly.

33.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ShotSpotter and Plaintiffs as to whether ShotSpotter infringes any valid claim of the '541 patent.

34.     ShotSpotter desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 29-33 above. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the noninfringement of the '541 patent.

## SECOND COUNTERCLAIM:  DECLARATORY JUDGMENT
## OF INVALIDITY OF THE '541 PATENT

35.     ShotSpotter realleges and incorporates by reference the allegations of paragraphs 1-34 of this Answer and Counterclaims as though fully set forth herein.

36.     This is an action for declaratory judgment of invalidity of any and all claims of the '541 patent.

37.     The '541 patent, and each claim thereof, is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

38.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ShotSpotter and Plaintiffs as to whether there exists any valid claim of the '541 patent.

39.     ShotSpotter desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 35-38 above.

Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the invalidity of the '541 patent.

WHEREFORE, Defendant denies that Plaintiffs are entitled to any of the relief prayed for in its Complaint and prays that the Court:

1.   Dismiss Plaintiffs' Complaint with prejudice;

2.   Deny all relief requested by Plaintiffs;

3.   Declare this case exceptional under 35 U.S.C. § 285;

4.   Award Defendant its attorneys' fees and costs in defending this matter; and

5.   Grant such other relief as it may deem just.

LIBA/1928281.1

Date:  September 19, 2008                    Respectfully submitted,

                                             GOODWIN PROCTER LLP


                                    By:      /s/ Douglas J. Kline_____
                                             Douglas J. Kline (BBO# 556680)
                                             Michael G. Strapp (BBO #653884)
                                             GOODWIN PROCTER LLP
                                             53 State Street
                                             Boston, MA  02109
                                             Tel.:  (617) 570-1000
                                             Fax:  (617) 523-1231

                                             Gregory S. Bishop (*pro hac vice pending* )
                                             Thomas F. Fitzpatrick (*pro hac vice pending* )
                                             GOODWIN PROCTER LLP
                                             135 Commonwealth Drive
                                             Menlo Park, CA 94025
                                             Tel.:  (650) 752-3100
                                             Fax:  (650) 853-1038

                                             *Attorneys for ShotSpotter, Inc.*

11

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that a copy of the foregoing Defendant ShotSpotter Inc.'s Answer to Complaint and Counterclaims, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are not served through the CM/ECF system on September 19, 2008.

By:    <u>/s/ Douglas J. Kline           </u>
           Douglas J. Kline (BBO# 556680