IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FOSTER-MILLER, INC., PLANNING SYSTEMS, INC., AND THE JOHNS HOPKINS UNIVERSITY (D.B.A. THE JOHNS HOPKINS UNIVERSITY APPLIED PHYSICS LABORATORY)<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SHOTSPOTTER, INC.<br><br>　　　　　Defendant. | JURY TRIAL DEMANDED<br><br>Civil Action No.: 1:08-cv-11224-GAO |

**PLAINTIFFS' REPLY TO DEFENDANT'S COUNTERCLAIMS**

Plaintiffs Foster-Miller, Inc., Planning Systems, Inc., and The Johns Hopkins University (doing business as The Johns Hopkins University Applied Physics Laboratory) reply to the numbered paragraphs of ShotSpotter, Inc.'s ("ShotSpotter") Counterclaims as follows:

**DEFENDANT'S DEFENSES**

17.　Plaintiffs fail to state a claim against ShotSpotter upon which relief may be granted.

**ANSWER:**　Denied.

18.　ShotSpotter has not infringed and does not infringe, directly or indirectly any valid claims of the '541 patent.

**ANSWER:**　Denied.

19.     The '541 patent is invalid for failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. § 101 et seq., including without limitation §§ 102, 103 and 112.

**ANSWER:**   Denied.

20.     Plaintiffs are not entitled to injunctive relief because any injury to Plaintiffs is not irreparable and Plaintiffs have adequate remedies at law.

**ANSWER:**   Denied.

21.     By reason of the prior art and/or statements and representations made to and by the United States Patent and Trademark Office ("the Patent Office") during the prosecution of the applications that led to the issuance of the '541 Patent, the patent is so limited that none of its claims can be construed as covering any activity of ShotSpotter.

**ANSWER:**   Denied.

22.     In addition to the defenses described above, Defendant expressly reserves the right to allege additional defenses as they become known.

**ANSWER:**   Denied.

### SHOTSPOTTER INC.'S COUNTERCLAIMS

### PARTIES

23.     ShotSpotter is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 1060 Terra Bella Avenue, Mountain View, CA 94043-1881.

**ANSWER:**   Admitted.

24.     Plaintiff Foster-Miller, Inc. is a company located at 350 Second Avenue, Waltham, Massachusetts 02451-1104 and is organized and existing under the laws of the

Commonwealth of Massachusetts. It is a subsidiary of QinetiQ North America and is engaged in the research and development of smart sensors, robotic systems, and advanced materials, among other technologies.

**ANSWER:** Admitted.

25. Plaintiff Planning Systems, Inc. is a company located at 12030 Sunrise Valley drive, Suite 400, Reston, Virginia 20191-3453 and organized and existing under the laws of the State of Maryland. It is the wholly-owned subsidiary of Foster-Miller, Inc. and is engaged in the research, development, production, and sales of security- and public safety-related technologies, including the SECURES® gunshot detection system.

**ANSWER:** Admitted.

26. Plaintiff The Johns Hopkins University is a non-profit educational and research institution located at 34th and Charles Streets, Baltimore, Maryland 21218 and is organized and existing under the laws of the State of Maryland. The John Hopkins University Applied Physics Laboratory located at 11100 John Hopkins Road, Laurel, Maryland 20723 is a non-profit engineering, research, and development division of The Johns Hopkins University and is the responsible agent for business matters regarding United States Patent No. 6,965,541.

**ANSWER:** Admitted.

**JURISDICTION AND VENUE**

27. This action arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, Title 35 U.S.C. § 271 et seq. An actual, substantial, and continuing justiciable controversy exists between ShotSpotter and Plaintiffs which requires a declaration of ShotSpotter's rights by this Court. The controversy relates to the noninfringement and invalidity of U.S. Patent No. 6,965,541 ("the '541 patent"), and Plaintiffs'

right to threaten and/or maintain its suit for infringement of the '541 patent. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**ANSWER:** Plaintiffs admit that a controversy exists between ShotSpotter and Plaintiffs regarding U.S. Patent No. 6,965,541 ("the '541 patent"). Plaintiffs deny that the '541 patent is not infringed by ShotSpotter. Plaintiffs deny that the '541 patent is invalid. The remaining allegations in this paragraph are legal conclusions to which no response is required.

28. This Court has jurisdiction over Plaintiffs because each Plaintiff brought its suit alleging patent infringement here. Plaintiffs allege that venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400 (b).

**ANSWER:** The Plaintiffs admit that they filed the instant suit against ShotSpotter alleging infringement of the '541 patent. The remaining allegations in this paragraph are legal conclusions to which no response is required.

### FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '541 PATENT

29. ShotSpotter realleges and incorporates by reference the allegations of paragraphs 1-28 of this Answer and Counterclaims as though fully set forth herein.

**ANSWER:** ShotSpotter's answers to paragraphs 1-16 of Plaintiffs' complaint contain no allegations requiring a reply. Plaintiffs' replies to ShotSpotter's paragraphs 17-28 are set forth above and incorporated herein by reference.

30. This is an action for declaratory judgment of noninfringement of any and all valid claims of the '541 patent.

**ANSWER:** Plaintiffs admit that ShotSpotter's counterclaim seeks a declaratory judgment of noninfringement of the '541 patent. Plaintiffs deny that the '541 patent is not

infringed by ShotSpotter.  Plaintiffs deny any implication that any of the claims of the '541 patent are invalid.

33. Plaintiffs allege that ShotSpotter infringes the '541 patent in this judicial district and elsewhere in the United States.

**ANSWER:** Admitted.

32. ShotSpotter has not infringed any valid claim of the '541 patent, either directly or indirectly.

**ANSWER:** Denied.

33. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ShotSpotter and Plaintiffs as to whether ShotSpotter infringes any valid claim of the '541 patent.

**ANSWER:** Plaintiffs admit that a controversy exists between ShotSpotter and Plaintiffs regarding the '541 patent. Plaintiffs deny that the '541 patent is not infringed by ShotSpotter. Plaintiffs deny any implication that any of the claims of the '541 patent are invalid. The remaining allegations in this paragraph are legal conclusions to which no response is required.

34. ShotSpotter desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 29-33 above. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the noninfringement of the '541 patent.

**ANSWER:** Plaintiffs admit that ShotSpotter is seeking a declaratory judgment of noninfringement of the '541 patent. Plaintiffs are without knowledge or information sufficient to

form a belief as to the truth of the statements regarding ShotSpotter's state of mind.  The remaining allegations in this paragraph are legal conclusions to which no response is required.

### SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '541 PATENT

35.   ShotSpotter realleges and incorporates by reference the allegations of paragraphs 1-34 of this Answer and Counterclaims as though fully set forth herein.

**ANSWER:**   ShotSpotter's answers to paragraphs 1-16 of Plaintiffs' complaint contain no allegations requiring a reply.  Plaintiffs' replies to ShotSpotter's paragraphs 17-34 are set forth above and incorporated herein by reference.

36.   This is an action for declaratory judgment of invalidity of any and all claims of the '541 patent.

**ANSWER:**   Plaintiffs admit that ShotSpotter's counterclaim seeks a declaratory judgment of invalidity of the claims of the '541 patent.  Plaintiffs deny that any of the claims of the '541 patent are invalid.  Plaintiffs deny any implication that the '541 patent is not infringed by ShotSpotter.

37.   The '541 patent, and each claim thereof, is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

**ANSWER:**   Denied.

38.   There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between ShotSpotter and Plaintiffs as to whether there exists any valid claim of the '541 patent.

**ANSWER:**   Plaintiffs admit that a controversy exists between ShotSpotter and Plaintiffs regarding the '541 patent.  Plaintiffs deny that any of the claims of the '541 patent are

invalid. Plaintiffs deny any implication that the '541 patent is not infringed by ShotSpotter. The remaining allegations in this paragraph are legal conclusions to which no response is required.

39. ShotSpotter desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 35-38 above. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the invalidity of the '541 patent.

**ANSWER:** Plaintiffs admit that ShotSpotter is seeking a declaratory judgment of invalidity of the '541 patent. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the statements regarding ShotSpotter's state of mind. The remaining allegations in this paragraph are legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

(a) ShotSpotter has willfully infringed and is willfully infringing the '541 patent; and

(b) The claims of '541 patent are not invalid.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs deny that ShotSpotter is entitled to any of the relief prayed for in ShotSpotter's Counterclaims, and Plaintiffs pray:

(a) That ShotSpotter's Counterclaims be dismissed with prejudice;

(b) That Plaintiffs be awarded the costs and attorneys' fees that they have incurred in defending this matter pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

(c) For such other and further relief that the Plaintiffs may be entitled to as a matter of law or that the Court deems just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury on all issues so triable.

Date: October 9, 2008　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/Brian M. Gaff (BBO # 642297)__ _____
　　　　　　　　　　　　　　　　　　　　David G. Conlin (BBO # 094220)
　　　　　　　　　　　　　　　　　　　　Barbara L. Moore (BBO # 352780)
　　　　　　　　　　　　　　　　　　　　Brian M. Gaff (BBO # 642297)
　　　　　　　　　　　　　　　　　　　　**EDWARDS ANGELL PALMER & DODGE LLP**
　　　　　　　　　　　　　　　　　　　　111 Huntington Avenue
　　　　　　　　　　　　　　　　　　　　Boston, MA  02199-7613
　　　　　　　　　　　　　　　　　　　　(617) 239-0100
　　　　　　　　　　　　　　　　　　　　(617) 227-4420 (fax)

　　　　　　　　　　　　　　　　　　　　Giin An Levy (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　**EDWARDS ANGELL PALMER & DODGE LLP**
　　　　　　　　　　　　　　　　　　　　1875 Eye Street, NW
　　　　　　　　　　　　　　　　　　　　Washington, DC 20006-5421
　　　　　　　　　　　　　　　　　　　　(202) 478-7370
　　　　　　　　　　　　　　　　　　　　(202) 478-7380 (fax)

　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs Foster-Miller, Inc., Planning Systems, Inc., and The Johns Hopkins University (D.B.A. The Johns Hopkins University Applied Physics Laboratory)*

### CERTIFICATE OF SERVICE PURSUANT TO LOCAL RULE 5.2(B)

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 9, 2008.

                                                       /s/Brian M. Gaff
                                                       Brian M. Gaff (BBO # 642297)

BOS2_697582.1

---

**PLAINTIFFS' REPLY TO DEFENDANT'S COUNTERCLAIMS**