IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FOSTER-MILLER, INC., PLANNING SYSTEMS, INC., AND THE JOHNS HOPKINS UNIVERSITY (D.B.A. THE JOHNS HOPKINS UNIVERSITY APPLIED PHYSICS LABORATORY)<br><br>Plaintiffs,<br><br>v.<br><br>SHOTSPOTTER, INC.<br><br>Defendant. | JURY TRIAL DEMANDED<br><br>Civil Action No.: 1:08-cv-11224-GAO |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)**

Pursuant to Local Rule 16.1(d) and Fed R. Civ. P. 26(f), Plaintiffs Foster-Miller, Inc., Planning Systems, Inc., and The Johns Hopkins University (doing business as The Johns Hopkins University Applied Physics Laboratory) ("Plaintiffs") and Defendant ShotSpotter, Inc. ("ShotSpotter" or "Defendant") submit the following Joint Statement. To the extent that Plaintiffs' and Shotspotter's proposals differ, the differences are set forth in bracketed text.

I.   **Proposed Agenda for Scheduling Conference**

The parties jointly propose that the agenda for the scheduling conference include a discussion of the following topics:

    A.    **Proposed discovery plan;**

    B.    **Claim Construction and *Markman* briefing;**

    C.    **Case schedule and deadlines; and**

    **D.**    **Settlement.**

**II.**    **Proposed Discovery Plan**

The parties jointly propose that discovery be conducted pursuant to the limits set forth in Local Rule 26.1(c) and the Federal Rules of Civil Procedure. The parties further propose the following:

    **A.**    **Initial Disclosures**

The parties will exchange their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on November 6, 2008.

    **B.**    **Requests for Admission**

The parties have agreed to a total of 100 Requests for Admission.

    **C.**    **Fact and Fed. R. Civ. P. 30(b)(6) Depositions**

The parties have agreed to ten (10) fact depositions per side. Depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) shall be limited to a total of twenty (20) hours per side and are not to be counted toward the limit of ten (10) fact depositions.

    **D.**    **Electronic Discovery**

1.    The parties agree that, where not unduly burdensome, the documents requested in this case shall be produced in the electronic format of single page or multi-page TIFFs, including optical character recognition ("OCR") data and Summation (DII) or Introspect (IDX) load files.

2.    The parties agree that metadata in electronic documents shall be preserved through reasonable diligence. However, native files shall not be produced in the first instance. Thereafter, each party reserves the right to request, by Bates number, the production native files in order to review the metadata associated with particular documents.

E.     **Protective Order**

The parties have agreed to draft a two-tier Protective Order that includes a patent prosecution bar. Plaintiffs shall file the agreed-upon Protective Order with the Court.

F.     **Expert Discovery**

The parties have agreed that they may depose all experts who submit expert reports, and that expert depositions shall be limited to a maximum of two (2) days per expert. There shall be no discovery of draft expert reports.

G.     **Advice of Counsel**

Not later than fifty (50) days after service by the Court of its Claim Construction Ruling, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason shall: (a) produce or make available for inspection and copying any written advice and documents related thereto for which the attorney-client and work product protection have been waived; (b) provide a written summary of any oral advice and produce or make available for inspection and copying that summary and documents related thereto for which the attorney-client and work product protection have been waived; and (c) serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the advice which the party is withholding on the grounds of attorney-client privilege or work product protection. A party who does not comply with these requirements shall not be permitted to rely on advice of counsel for any purpose absent a stipulation of all parties or by order of the Court.

**III.   Claim Construction and *Markman* briefing**

The parties propose the following schedule for claim construction matters:

| Event | Plaintiffs' Proposed Date | Defendant's Proposed Date |
|---|---|---|
| Service of Plaintiffs' Preliminary Infringement Contentions in claim chart form.  Such charts to specify (1) each accused product for each asserted claim, (2) specifically where each element of the asserted claims is found in the accused product (3) whether each element is literally present or present under the doctrine of equivalents, (4) the priority date plaintiff alleges it is entitled for each claim and (5) the identity of any of plaintiff's product upon which plaintiff intends to rely for any purpose, that plaintiff contends incorporates and reflects that particular claim. | Jan. 9, 2009 | November 24, 2008 |
| Service of Defendant's Preliminary Invalidity Contentions in claim chart form | Feb. 6, 2009 | December 19, 2008 |
| Parties simultaneously exchange preliminary proposed lists of claim terms, phrases, or clauses to be construed | Feb. 20, 2009 | January 7, 2009 |
| Parties simultaneously exchange preliminary proposed construction of claim terms, phrases, or clauses | Mar. 6, 2009 | January 16, 2009 |
| Parties meet and confer with the objective of narrowing claim construction issues | Mar. 20, 2009 | January 23, 2009 |
| Parties file their opening claim construction (*Markman*) briefs | Apr. 17, 2009 | February 6, 2009 (Plaintiffs Brief Only) |
| Parties file their rebuttal claim construction (*Markman*) briefs | May 15, 2009 | February 27, 2009 (Defendant Brief Only) |

At the time of service of Plaintiffs' Preliminary Infringement Contentions, the Plaintiffs

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)**

shall produce all documents supporting their contentions and/or identify any such supporting documents produced by the Defendant. Plaintiffs shall also produce (1) all documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sale, the claimed invention prior to the date of application for the patent in suit, and (2) all documents evidencing conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date for which the plaintiff believes it is entitled, whichever is earlier. The Plaintiff's production of a document as required in (1) above shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102. At the time of service of Defendant's Preliminary Invalidity Contentions, the Defendant shall identify prior art that it alleges anticipates or renders obvious the identified patent claims in question and, for each such prior art reference, shall specify whether it allegedly anticipates or is relevant to the obviousness inquiry. If applicable, the Defendant shall also specify any other grounds for invalidity, such as indefiniteness, best mode, enablement, or written description. If the Defendant has not already done so, the Defendant shall produce documents relevant to the invalidity defenses and/or identify any such supporting documents produced by the Plaintiffs. Further, if the Defendant has not already done so, the Defendant shall produce all documents sufficient to show operation of the accused product(s) or method(s) that the Plaintiffs identified in its preliminary infringement contentions. The parties shall be obligated to supplement their Preliminary Infringement Contentions and the Preliminary Invalidity Contentions in the manner provided by Fed. R. Civ. P. 26(e).

At the same time the parties exchange their respective preliminary proposed construction of claim terms, phrases, or clauses, each party shall also identify all references from the specification or prosecution history that support its proposed construction and designate any supporting extrinsic evidence including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.  Extrinsic evidence shall be identified by production number or by producing a copy if not previously produced.  With respect to any supporting witness, percipient or expert, the identifying party shall also provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction.  *Markman* briefs shall not be subject to the page limitation of Local Rule 7.1(b)(4).

IV.     **Case Schedule and Deadlines**

The parties propose the following case schedule:

| Event | Plaintiffs' Proposed Date | Defendant's Proposed Date |
|---|---|---|
| Deadline for joining other parties | May 1, 2009 | January 2, 2009 |
| Deadline for filing motions to amend pleadings | May 1, 2009 | January 30, 2009 |
| Completion of fact discovery (including service of responses to written discovery and taking non-expert depositions) | Sept. 4, 2009 | April 30, 2009 |
| Designation of affirmative experts and service of affirmative expert reports of party with burden | Oct. 2, 2009 | May 15, 2009 |
| Designation of responsive experts and service of responsive expert reports of party with burden | Oct. 30, 2009 | June 15, 2009 |
| Designation of rebuttal experts and service of rebuttal expert reports | Nov. 13, 2009 | June 30, 2009 |

| Event | Plaintiffs' Proposed Date | Defendant's Proposed Date |
|---|---|---|
| Completion of expert discovery (including service of responses to written discovery and taking non-expert depositions) | Dec. 11, 2009 | July 31, 2009 |
| Deadline for filing dispositive motions (dispositive motions may be filed at any time before this date) | Jan. 8, 2010 | August 14, 2009 |
| Technology tutorial | June 2009 | March 2009 |
| Markman hearing | June 2009 | March 2009 |
| Pre-Trial Conference | To be set by the Court | |
| Start of Trial (5 day duration) | To be set by the Court | |

The parties have agreed to electronic service of documents to be served under the Federal Rules of Civil Procedure or this Court's District Court Local Rules, with no courtesy copies to opposing counsel, with the exception of documents filed under seal. With respect to papers and correspondence not filed with the Court, the parties have agreed to service of documents by email to the email addresses of opposing counsel of record by 9:00 p.m. EST (6:00 p.m. PDT) with no confirming hard copy. The provisions of Fed. R. Civ. P. 6(d) shall apply to documents served electronically and/or by email.

V.  **Settlement**

The parties have had a face-to-face meeting to discuss the possibility of settling the present litigation. The parties are continuing to discuss the possibility of settlement and will keep the Court apprised of their progress.

VI.  **Trial Before a United States Magistrate Judge**

At this time, the parties do not consent to a trial before a United States Magistrate Judge.

VII.  **Certifications**

The Plaintiff's certifications pursuant to Local Rule 16.1(d)(3) are attached hereto. The

Defendant filed its certification on Oct. 27, 2007 as Dkt. No. 15.

| | |
|---|---|
| Date: October 27, 2008 | Respectfully submitted, |
| For Plaintiffs | For Defendant |
| /s/Brian M. Gaff (BBO # 642297)<br>David G. Conlin (BBO # 094220)<br>Barbara L. Moore (BBO # 352780)<br>Brian M. Gaff (BBO # 642297)<br>EDWARDS ANGELL PALMER & DODGE LLP<br>111 Huntington Avenue<br>Boston, MA 02199-7613<br>(617) 239-0100<br>(617) 227-4420 (fax)<br><br>Giin An Levy (*pro hac vice*)<br>EDWARDS ANGELL PALMER & DODGE LLP<br>1875 Eye Street, NW<br>Washington, DC 20006-5421<br>(202) 478-7370<br>(202) 478-7380 (fax)<br><br>*Attorneys for Foster-Miller, Inc., Planning Systems, Inc., and The Johns Hopkins University (D.B.A. The Johns Hopkins University Applied Physics Laboratory)* | /s/Douglas J. Kline (BBO # 556680)<br>Douglas J. Kline (BBO # 556680)<br>Michael G. Strapp (BBO # 653884)<br>GOODWIN PROCTER LLP<br>53 State Street<br>Boston, MA 02109<br>Tel. (617) 570-1000<br>Fax (617) 523-1231<br><br>Gregory S. Bishop (*pro hac vice*)<br>Thomas F. Fitzpatrick (*pro hac vice*)<br>GOODWIN PROCTER LLP<br>135 Commonwealth Drive<br>Menlo Park, CA 54025<br>Tel. (650) 752-3100<br>Fax (650) 853-1038<br><br>*Attorneys for ShotSpotter, Inc.* |

**CERTIFICATE OF SERVICE PURSUANT TO LOCAL RULE 5.2(B)**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 27, 2008.

                                                               /*s*/Brian M. Gaff  
                                                               Brian M. Gaff (BBO # 642297)

BOS2_700537.2

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)**